UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| CRAIG JOHNSON, | Case No. 16-CV-3005 (SRN/LIB) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| BOB HARTMAN and CITY OF CROSSLAKE, | |
| Defendants. | |

---

This matter comes before the undersigned United States Magistrate Judge upon the routine supervision of the cases that pend before the Court, pursuant to a general assignment made in accordance with the provisions of 28 U.S.C. § 636; and upon Plaintiff Craig Johnson's ("Plaintiff") application seeking leave to proceed *in forma pauperis* ("IFP") under 28 U.S.C. § 1915. [Docket No. 2]. For the reasons discussed below, it is recommended that Johnson's IFP application be denied and that this action be dismissed.

Plaintiff Craig Johnson[1] did not pay the filing fee for this matter, but instead applied for *in forma pauperis* ("IFP") status. *See* Docket No. 2. That IFP application is now before the Court and must be considered before any other action may be taken in this matter.

After review of the IFP application, this Court concludes that Johnson qualifies financially for IFP status. That said, an IFP application will be denied, and the action will be dismissed, when

---

[1] Johnson was recently restricted from filing any new action in this District unless he is represented by counsel or receives prior written authorization from a judicial officer in this District. *See Johnson v. City of Crosslake*, No. 16-CV-2514 (DWF/LIB) (D. Minn. Sept. 20, 2016). Those restrictions went into effect after Johnson had filed the pending action, and thus this action is not subject to those restrictions.

an IFP applicant has filed a complaint that fails to state a cause of action on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii); *Atkinson v. Bohn*, 91 F.3d 1127, 1128 (8th Cir. 1996) (per curiam); *Carter v. Schafer*, 273 Fed. App'x 581, 582 (8th Cir. 2008) (per curiam) ("[C]ontrary to plaintiffs' arguments on appeal, the provisions of 28 U.S.C. § 1915(e) apply to all persons proceeding IFP and are not limited to prisoner suits, and the provisions allow dismissal without service."). In reviewing whether a complaint states a claim on which relief may be granted, this Court must accept as true all of the factual allegations in the complaint and draw all reasonable inferences in the plaintiff's favor. *Aten v. Scottsdale Ins. Co.*, 511 F.3d 818, 820 (8th Cir. 2008). Although the factual allegations in the complaint need not be detailed, they must be sufficient to "raise a right to relief above the speculative level . . . ." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). The complaint must "state a claim to relief that is plausible on its face." *Id*. at 570. In assessing the sufficiency of the complaint, the court may disregard legal conclusions that are couched as factual allegations. *See Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Pro se complaints are to be construed liberally, but they still must allege sufficient facts to support the claims advanced. *See Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004).

Johnson's short complaint is nearly illegible and almost impossible to follow. It appears that Johnson believes an official of the City of Crosslake harassed him on account of his hearing loss. Even accepting this as true, however, Johnson does not plausibly or adequately allege that he was discriminated against on account of a disability or that he was denied the benefit of a public accommodation on account of his disability, as required to set forth a claim under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. No other federal question is even remotely apparent from Johnson's Complaint (he does not mention a formal cause of action), and the Court lacks

original jurisdiction over any claims brought by Johnson under state law, as he does not allege a basis for this Court to conclude that diversity of citizenship exists between the parties. *See* 28 U.S.C. § 1332.  And even if Johnson *had* stated a viable claim for relief (to be clear, he has not), it is doubtful whether this action is even justiciable, as there appears to be no live controversy between the parties; Johnson does not include a demand for relief in his complaint, as required by Fed. R. Civ. P. 8(a)(3), alleging instead that he "[doesn't] care the FBI took it."  (Compl., [Docket No. 1], at 4).

For all those reasons, it is hereby recommended that this action be dismissed pursuant to § 1915(e)(2)(B)(ii).  Because it is not impossible that Johnson could amend his complaint to state a claim on which relief may be granted, this Court recommends that the dismissal be *without prejudice*.  That said, any subsequent action initiated by Johnson in this District will be subject to the filing restrictions already entered against him in *Johnson v. City of Crosslake*, No. 16-CV-2514 (DWF/LIB) (D. Minn. Sept. 20, 2016).

## RECOMMENDATION

Based on the foregoing, and on all of the files, records, and proceedings herein, IT IS HEREBY RECOMMENDED THAT:

1. This action be **SUMMARILY DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii); and

2. Johnson's application to proceed *in forma pauperis,* [Docket No. 2], be **DENIED**.

Dated: October 11, 2016   s/Leo I. Brisbois
                          Leo I. Brisbois
                          United States Magistrate Judge

## NOTICE

**Filing Objections:**  This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

**Under Advisement Date:**  This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.